**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodolfo CERVANTES–SARMIENTO,**
**Defendant–Appellant.**

**No. 02–41631.**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

---

PER CURIAM.*

Rodolfo Cervantes–Sarmiento appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). For the first time on appeal, Cervantes–Sarmiento argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. He contends that the unconstitutional portion of 8 U.S.C. § 1326 should be severed from the statute. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Cervantes–Sarmiento acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been called into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres.* See *Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule

it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, the district court did not err in sentencing Cervantes–Sarmiento under 8 U.S.C. § 1326(b)(1). The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that his opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.